JAMES A. GRIDLEY ET AL *v* SUSAN A. CRAIGG ET AL.

**Adverse Possession—Thirty Years Occupancy—Paper Title not Necessary.**
A claimant of land under a senior patent who has been in possession constructively for more than thirty years, is not required to show actual record title, in defense of his claim.

**Evidence—Arbitrators Award Competent Testimony.**
In a suit between two claimants for land, where the vendor, under whom paintiffs claim, accepted a deed to and asserted title to the land, recognizing the boundary as fixed by arbitrators, such an award is held to be competent evidence to establish title.

**Lands and Conveyances—Adverse Possession—Boundaries.**
The possession of land under an older patent, constructively puts the party in possession, up to the patent boundaries ,which constructive possession cannot subsequently be ousted under a junior patent only by actual enclosed possession.

APPEAL FROM GALLATIN CIRCUIT COURT.

September 11, 1868.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Appellees claiming to be heirs, devisees, &c., of William Craigg, deceased, and claiming under him and under a patent to Adams Stevens, dated June 16, 1780, brought this suit to recover a specified boundary of land of some 80 acres.

A patent issued May 27, 1786, to Littlebery Mosely, under which appellants claim.

The two patents· seem to call for the same trees, timber, &c., on the Ohio river, but from said corner the elder patent calls to run south 22, east 180 poles, whilst the junior patent calls to run thence south 10, east 510 poles, the land in controversy being that between these two conflicting lines when run according to the patent calls.

Appellees and those under whom they claim have had actual possesison of the Steven's survey at least since the year 1817, and Thomas Craigg who first entered on it claimed even above the line running from the Buckeye corner, common to both surveys, south 22, east, and this caused a suit between him and Abejak North which resulted in North's favor and limited Craigg's claim to said line, but this was not the land now' in controversy, as it lays below said line.

As early as the year 1824, a suit was pending between Thomas Craigg and Wade Mosely as to the boundary of these Stevens and Mosely surveys and was referred to the arbitrament of Henry Davidge and Samuel Todd who on November 16, 1824, awarded that the Stevens survey should run south 22 east from the said Buckeye corner, and that Mosely surrendered the land up to said line and pay his costs, which was made the judgment of the court. And on the sixth of the following December Abejak North accepted from R. H. L. Mosely as agent of Wade Mosely, a deed for the land claimed by him, in which the line as established by said arbitrators was recognized and called for as a boundary. Gridley claims under North. There is no title paper connecting appellees with the patentee Stevens, nor is this supplied by the other evidence. Nor is the appellant by paper title or other evidence connected with the patentee Littleberry Mosely. This suit was brought in the year 1863, therefore more than thirty years possession was made out by appellees and those under whom they claim, under the Stevens patent, hence they are entitled to

the benefit of that patent without connecting themselves by paper title with it.

As Abijak North, under whom appellants claim, asserted title under Wade Mosely and accepted a deed from him recognizing the line fixed by the arbitrators in the suit between him and Thomas Craigg, we regard said award and the judgment of court thereon as competent evidence, especially under the issue in this case. Plaintiffs set out with particular precision the abutals of the land claimed by them and for which they sued, averring title in themselves, defendants in their answer simply controvert the title of said land being in the plaintiffs, but aver that it is in them, no issue as to the abutals of the land in controversy is made, but simply the title.

There seems to be no conflicting evidence as to this land being within the calls of the Stevens patent, hence, instruction No. 9 asked by appellant and refused by the court was merely abstract.

The evidence authorized the jury to believe that the line south 22 east from the Buckeye corner, on the Ohio river, had been recognized and acted on as the boundary between the Stevens and Mosely surveys by those in possession and claiming the land under the respective patents down to within some six or eight years before the bringing of this suit.

The will of Thomas Craigg to his son Willis Craigg, the testator of appellees, is not in the record, but Thomas Ross proves the devise to Willis and his brother Frank and their subsequent division which was not objected to and is amply sufficient, at least after verdict.

Thomas Craigg's deed from Alex. Stevens is dated as far back as the year 1806, and connected with his long possession and those claiming under him and after the records of this court, where a deed from Adam Stevens to him may have been recorded, has been twice destroyed by fire, it would be unreasonable to require documentary evidence of title.

The possession under an elder patent constructively puts the party in possession up to the patent boundaries, which constructive possession cannot subsequently be ousted under a junior patent only by actual enclosed adverse possession. There is no such thing as constructive subsequent adverse possession under a junior patent to the previous constructive possession under an elder patent.

We see no error in granting or refusing instructions, wherefore, the judgment of recovery is affirmed.

*Stevenson & Myers, Winslow, for appellants.*

*Landram, Scott, for appellees.*